UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TRUSTEES OF THE SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION LOCAL
UNION NO. 28 BENEFIT FUNDS,

                                Plaintiffs,

                                **REPORT AND**
                                **RECOMMENDATION**
       -against-                       CV 10-1121(JS)(ARL)

RAYMOND MARTIN d/b/a/ RHB
INSTALLATIONS,

                                Defendant.
---------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       This matter was referred to the undersigned by District Judge Joanna Seybert for a report and recommendation as to whether a default should be entered and, if so, the proper amount of damages, costs and/or fees, if any, to be awarded. The plaintiffs have submitted a memorandum of law, an affidavit of Michael Belluzzi and exhibits in support of their request to enter a default judgment. Despite having been served with the motion, defendant has not submitted papers in opposition to the motion. Based on the evidence submitted, the undersigned recommends that a default judgment be entered against the defendant and that damages be denied with leave to renew.

**DISCUSSION**

       The plaintiffs, the trustees and fiduciaries of the Sheet Metal Workers' International Association Local Union No. 28 Benefit Funds (the "Funds"), commenced this lawsuit by filing the summons and complaint on March 11, 2010. The defendant, Raymond Martin d/b/a RHB Installations (the "defendant" or "RHB Installations"), was served with the summons and

complaint on May 5, 2010. The defendant failed to answer or otherwise respond to the complaint. The plaintiffs moved for a default judgment and, on June 9, 2010, the Clerk of the Court certified the defendant's default based upon the failure to answer or otherwise appear in this action.

Based upon the defendant's failure to respond to the complaint, the undersigned recommends that a default judgment be entered. *See* Fed. R. Civ. P. 55(b). The defendant's default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1993), *cert. denied*, 506 U.S. 1080 (1993). The defendant's default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in [the] complaint violated the laws upon which [the] claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup,* 973 F.2d at 159. In conducting the foregoing inquest, the court may rely on the Funds' affidavit, memorandum of law and documentary evidence in lieu of an evidentiary hearing. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991). An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted).

The complaint seeks damages for breach of contract arising from defendant's failure to provide payments for fringe benefits for the period of August 29, 2009 through February 24,

2010. (Compl. ¶¶ 15.) The plaintiffs in this matter are trustees of the Funds, which are benefits programs established for the benefit of the Sheet Metal Workers' International Association Local Union No. 28 ("Union"), pursuant to the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132 ("ERISA"). The Union entered into a collective bargaining agreement ("Agreement") with RHB Installations under which defendant was obligated to make contributions to the Funds. (Compl. ¶¶ 12-13; *see* Belluzzi Aff. ¶ 2, Ex. A.) The copy of the Agreement between the parties proffered in support of the within motion, however, states that the Agreement is "effective August 1, 2005" and "terminates July 31, 2009." (Belluzzi Aff., Ex. A.) Inasmuch as the Agreement fails to cover the contractual obligations of RHB Installations for the relevant time period at issue, to wit, the fringe benefit contributions for the period of August 29, 2009 through February 24, 2010, the court is unable to determine whether plaintiffs are entitled to an award of damages against RHB Installations for the period they seek. Accordingly, the undersigned recommends that plaintiffs' motion for an award of damages against defendant be denied without prejudice to a renewal thereof upon submission of a collective bargaining agreement covering the relevant time period.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for the plaintiffs shall serve it on the defendants at their last-known addresses and shall file proof of service with the court forthwith. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72; *Beverly*

3

*v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
February 7, 2011

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge