```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF THE SHEET METAL WORKERS'
INTERNATIONAL ASSOCATION LOCAL UNION
No. 28 BENEFIT FUNDS,
                                              MEMORANDUM & ORDER
                                              10-CV-1121(JS)(ARL)
                    Plaintiffs,

          -against-

RAYMOND MARTIN d/b/a RHB INSTALLATIONS,

                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiffs:     Dana Lynne Henke, Esq.
                    Barnes, Iaccarino, Virginia, Ambinder
                    & Shepherd, PLLC
                    258 Saw Mill River Road
                    Elmsford, NY  10523

For Defendant:      No appearances.
```

SEYBERT, District Judge:

Plaintiffs, the trustees and fiduciaries of the Sheet Metal Workers' International Association No. 28 Benefit Funds ("Plaintiffs"), sued Defendant Raymond Martin d/b/a RHB Installations ("Defendant") for unpaid fringe benefit contributions for the period of August 29, 2009 through February 24, 2010. Plaintiffs moved for a default judgment, and this Court referred Plaintiffs' motion to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R").

On February 7, 2011, Judge Lindsay recommended that a default judgment be entered but that Plaintiffs' request for

damages be denied with leave to renew. Specifically, Judge Lindsay found that Plaintiffs could not prove their entitlement to the unpaid contributions because they had not submitted a labor agreement that covered the relevant time period.

The R&R provided that the parties shall file their objections, if any, within 14 days of service. Neither party objected to Judge Lindsay's recommendation that Plaintiffs be awarded a default judgment, thus any objections to that portion of the R&R are hereby deemed waived. The Court finds that portion of the R&R to be thoughtful, well-reasoned, and free of clear error, and it accordingly ADOPTS that recommendation.

In response to Judge Lindsay's recommendation that Plaintiffs' request for damages be denied without prejudice for failure to provide the Court with the relevant agreement, Plaintiffs filed the correct agreement and a letter asking the Court to award damages now rather than require them to make a renewed motion.

The Court has reviewed Plaintiffs' damages application and finds that it cannot award damages at this time, even with the correct agreement, because the damages application does not appear to support the relief Plaintiffs seek. Specifically, the amounts listed in the "total" column of Plaintiffs' summary chart of the contributions owed (see Michael Beluzzi Affidavit Ex. D ("Beluzzi Aff.")), are apparently not supported by any of

the figures in Defendants' weekly contribution reports. (Beluzzi Aff. Ex. C.) The column "total contribution paid" in the weekly reports appear to be what Defendant owed each week, but there is no explanation of how those amounts translate to the total due Plaintiffs as set forth in their summary spreadsheet or Plaintiffs' revised statement of damages. (Beluzzi Aff. Ex. B.) For each week, Plaintiffs seek less than the amount listed in the Defendant's weekly reports, so one possibility may be that Defendant paid some, but not all, of the required contributions. The Court cannot award damages based on its own speculation, however.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment is GRANTED, but their request for damages is DENIED WITHOUT PREJUDICE. Within thirty (30) days, Plaintiffs shall re-file a damages application that, among other things, explains more clearly how Plaintiffs calculated the amount of contributions due and owing for each week.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   March __29__, 2011
         Central Islip, New York