```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF THE SHEET METAL WORKERS'
INTERNATIONAL ASSOCATION LOCAL UNION
No. 28 BENEFIT FUNDS,
                                          MEMORANDUM & ORDER
                    Plaintiffs,           10-CV-1121(JS)(ARL)

        -against-

RAYMOND MARTIN d/b/a RHB INSTALLATIONS,

                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiffs:    Dana Lynne Henke, Esq.
                   Barnes, Iaccarino, Virginia, Ambinder &
                   Shepherd PLLC
                   258 Saw Mill River Road
                   Elmsford, NY 10523

For Defendant:     No appearances.
```

SEYBERT, District Judge:

The Court previously denied Plaintiffs' damages application because it concluded that the amounts sought were not supported by Plaintiffs' documentary evidence. (See Docket Entry 14 at 2-3.) At the time, the Court noted that the spreadsheet listing the contributions owed did not match figures on Defendant's weekly contribution reports. (Id.) Plaintiffs have renewed their damages application and have attempted to explain how the evidence they submitted entitles them to the relief they seek. For the second time, Plaintiffs' application is denied with leave to renew.

Although Plaintiffs have attempted to explain the

relationship between Defendant's weekly contribution reports and the summary spreadsheet (see Glen Camisa Affidavit ¶ 6), there is still some confusion about how Plaintiffs calculated what Defendant owed them each week.  Defendant's contribution reports (Michael Beluzzi Affidavit Ex. C) purport to show Defendant's weekly contribution liability by multiplying the hours worked by the hourly contribution rate for each employee and then summing the results.  The weekly reports, though, have both a typed contribution total and a higher, handwritten contribution total.  (See id.)  Plaintiffs explain that the handwritten figures correct miscalculations on Defendant's part (Camisa Aff. ¶ 5), but the Court checked the math on the first two weekly reports (for the weeks ending August 26, 2009 and September 3, 2009) and it is not clear whether Defendant's calculations were wrong or on what Plaintiffs' handwritten calculations are based.  For example, for the week ending August 26, 2009, Defendants multiplied the "regular hours" by the "total contribution rate per hour" for each employee and summed the figures.  The result is $5,151.44 (Defendant's typed figure), not $5,178.77 (Plaintiffs' handwritten figure).  This is not to say that Plaintiffs' calculations are necessarily wrong; rather, it is simply unclear on what they are based.

       In short, the Court is still not confident that Plaintiffs' documents support the amount of damages they seek.

2

Within thirty (30) days, Plaintiffs may renew their application for damages. They shall style their application as a "motion" on ECF, and the supporting paperwork shall make crystal clear how they arrived at the amount of damages they seek in this action. Their explanation shall encompass the Court's concern about the handwritten figures and anything else that may be unclear about their application. The foregoing is not intended to be an exhaustive recitation of the Court's confusion with Plaintiffs' paperwork.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   October  3 , 2012
         Central Islip, New York